UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

REBECCA KRANDLE, *individually and on behalf of all others similarly situated*,

        *Plaintiff*,

v.

UNITED STATES OF AMERICA,

        *Defendant*.

No. 22-CV-4977 (KMK)
OPINION & ORDER

---

DAWN ESPOSITO, *individually and on behalf of all others similarly situated, and* PAOLO CORTAZAR, *individually and on behalf of all other similarly situated*,

        *Plaintiffs*,

v.

UNITED STATES OF AMERICA,

        *Defendant*.

No. 22-CV-5039 (KMK)
OPINION & ORDER

---

Appearances:

Michael Milton Liskow, Esq.
George Feldman McDonald, PLLC
New York, NY
*Counsel for Plaintiff Rebecca Krandle*

Anthony Parkhill, Esq.
Barnow and Associates, P.C.
Chicago, IL
*Counsel for Plaintiff Rebecca Krandle*

Todd Seth Garber, Esq.
Andrew Charles White, Esq.
Finkelstein, Blankinship, Frei-Pearson & Garber, LLP
White Plains, NY
*Counsel for Plaintiffs Dawn Esposito and Paolo Cortazar*

Brandon Herbert Cowart, Esq.
United States Attorney's Office for the Southern District of New York
New York, NY
*Counsel for the United States of America*

KENNETH M. KARAS, United States District Judge:

Rebecca Krandle, Dawn Esposito, and Paolo Cortazar (collectively, "Plaintiffs") bring two Actions on behalf of themselves and all others similarly situated against Defendant United States of America, alleging various claims arising out of a 2021 data breach affecting Refuah Health Center, Inc. ("RHC").  (*See generally* Not. of Removal, Ex. A ("Krandle Compl.") (Dkt. 22-CV-4977, No. 1-1); Not. of Removal, Ex. A ("Esposito Compl.") (Dkt. 22-CV-5039, No. 1-1).)  Before the Court are Plaintiffs' Motion for Certification of Partial Judgment and Defendant's Motion to Dismiss.  For the following reasons, Plaintiffs' Motion is denied and Defendant's Motion is granted.

## I.  Background

### A.  Factual Background[1]

The Court assumes the Parties' familiarity with the factual and procedural background described in its prior opinions.  *See Krandle v. Refuah Health Ctr., Inc.* ("*Krandle II*"), No. 22-CV-4977, 2024 WL 1075359, at *1–2 (S.D.N.Y. Mar. 12, 2024); *Krandle v. Refuah Health Ctr.,*

---

[1] Because the Krandle and Esposito Complaints and Plaintiffs' briefing materials are substantially similar, the Court will refer primarily to the Krandle Complaint and briefs.  In the same vein, because the two Actions are related and the Parties have engaged in parallel motion practice, the Court will refer to the "Action" collectively.

*Inc.* ("*Krandle I*"), No. 22-CV-4977, 2023 WL 2662811, at *1–2 (S.D.N.Y. Mar. 28, 2023). In short, RHC is a New York-based non-profit that provides healthcare services at four sites and through a fleet of mobile medical units. (Krandle Compl. ¶¶ 2, 8, 11.) Around May or June 2021, RHC suffered a data breach that exposed patients' personal identifying information ("PII") and personal health information ("PHI"). (*Id.* ¶¶ 2, 7, 15–16.) Plaintiffs allege, inter alia, that RHC acted negligently by failing to safeguard their PII and PHI. (*Id.* ¶ 1.)

B.  Procedural Background

Because the Krandle and Esposito Actions are related, and because of the similar questions presented in each, the Parties and the United States have engaged in parallel motion practice. *See Krandle II*, 2024 WL 1075359, at *1. On March 12, 2024, the Court held that RHC is immune pursuant to 42 U.S.C. § 233(a) ("Section 233(a)") and ordered the substitution of the United States as Defendant. (*See* Dkt. No. 75.)

On April 11, 2024, Plaintiffs filed a Motion for Entry of Rule 54(b) Partial Judgment. (Not. of Mot. (Dkt. No. 76); Pls' Mem. of Law in Supp. (Pls' Mem.") (Dkt. No. 77).) On June 17, 2024, the Court set a briefing schedule for Defendant's Motion to Dismiss. (Dkt. No. 82.) On July 1, 2024, Defendant filed its Motion. (Not. of Mot. (Dkt. No. 83); Def's Mem. of Law in Supp. ("Def's Mem.") (Dkt. No. 84); Decl. of Robert H. Murphy ("Murphy Decl.") (Dkt. No. 85).) On July 15, 2024, Plaintiffs filed their Opposition. (Pls' Opp. to Def's Mot. ("Pls' Opp.") (Dkt. No. 86).) On July 22, 2024, Defendant filed its Reply. (Def's Reply (Dkt. No. 87).)

II.  Discussion

A.  Rule 54(b)

    1.  Relevant Law

"Rule 54(b) 'provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated.'" *L-7 Designs, Inc. v. Old Navy, LLC*, 964 F. Supp. 2d 299, 317 (S.D.N.Y. 2013) (quoting *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1024–25 (2d Cir. 1992)).  Specifically, Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

> As explained by the Second Circuit, "Rule 54(b) authorizes a district court to enter partial final judgment when three requirements have been satisfied:  (1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an express determination that there is no just reason for delay of entry of final judgment as to fewer than all of the claims or parties involved in the action."

*Timperio v. Bronx-Lebanon Hosp. Ctr.*, No. 18-CV-1804, 2020 WL 9211177, at *2 (S.D.N.Y. Mar. 9, 2020) (quoting *Linde v. Arab Bank, PLC*, 882 F.3d 314, 322–23 (2d Cir. 2018)).  "Even when the first two factors are satisfied, the district court must still make a finding that entry of partial judgment is appropriate." *Lankler Siffert & Wohl, LLP v. Rossi*, No. 02-CV-10055, 2004 WL 541842, at *4 (S.D.N.Y. Mar. 19, 2004), *aff'd*, 125 F. App'x 371 (2d Cir. 2005).  This is because "the mere separability of a claim does not warrant Rule 54(b) certification." *United Bank of Kuwait PLC v. Enventure Energy Enhanced Oil Recovery Assocs.*, 763 F. Supp. 729, 731 (S.D.N.Y. 1990) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).  "Even when a claim is separable, the just reasons for delay inquiry requires a balancing of

4

judicial administrative interests and the equities involved." *Id.* (citing *I.L.T.A., Inc. v. United Airlines, Inc.*, 739 F.2d 82, 84 (2d Cir. 1984)); *see also Danaher Corp. v. The Travelers Indem. Co.*, No. 10-CV-121, 2016 WL 1255739, at *2 (S.D.N.Y. Mar. 30, 2016) ("[N]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." (quoting *S.E.C. v. Frohling*, 614 F. App'x 14, 17 (2d Cir. 2015))).

"The Second Circuit has cautioned that Rule 54(b) motions should be granted 'only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal . . . .'" *Timperio*, 2020 WL 9211177, at *2 (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997)). Entry of partial judgment may be appropriate, "for example, where a plaintiff might be prejudiced by a delay in recovering a monetary award, or where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims." *Id.* (quoting *Advanced Magnetics*, 106 F.3d at 16). "Importantly, Rule 54(b) is to be invoked 'sparingly,'" *L-7 Designs*, 964 F. Supp. 2d at 317 (quoting *Hogan*, 961 F.2d at 1025), as "federal policy generally disfavors piecemeal appellate litigation," *Ginett v. Comput. Task Grp., Inc.*, 962 F.2d 1085, 1093 (2d Cir. 1992) (quotation marks omitted); *see also O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 40–41 (2d Cir. 2003) ("Rule 54(b) . . . should be used only in the infrequent harsh case . . ., i.e., certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." (italics and quotation marks omitted)).

2. Application

Plaintiffs argue that "[a]ll of the elements needed for partial final judgment under Rule 54(b) are met here" and seek "final judgment as to RHC so that Plaintiff[s] [are] able to immediately appeal" the issue of RHC's immunity. (Pls' Mem. 1, 3.)[2]

The first two 54(b) factors are clearly met. There can be no dispute that there are multiple claims and parties in this Action, and the rights and liabilities of RHC have been fully adjudicated by its dismissal. (*See id.* 3 ("Since the Court substituted the United States as a defendant instead of RHC, all claims against RHC have been determined.").) *Cf. Kaufman LLC v. Derzaw*, No. 20-1782, 2023 WL 4926214, at *2 (2d Cir. Aug. 2, 2023) (noting that the rights and liabilities of two defendants had been fully adjudicated when the district court below dismissed all claims against them).

As noted, however, "[e]ven when the first two [54(b)] factors are satisfied, the district court must still make a finding that entry of partial judgment is appropriate." *Lara-Grimaldi v. County of Putnam*, No. 17-CV-622, 2022 WL 736427, at *2 (S.D.N.Y. Mar. 11, 2022) (quoting *Lankler Siffert & Wohl*, 2004 WL 541842, at *4)). Plaintiffs argue that partial final judgment is warranted because, absent an interlocutory appeal of the Court's determination of RHC's immunity, the chance that "the Second Circuit might eventually overturn the substitution" presents a risk of duplicative proceedings. (Pls' Mem. 4–5.) Plaintiffs point to a Fourth Circuit case, *Ford v. Sandhills Medical Foundation, Inc.*, 97 F.4th 252 (4th Cir. 2024), as substantiating

---

[2] Plaintiffs argue, but provide no authority for the proposition, that "this issue is not one that will be appealable again at a later time." (Pls' Mem. 4.) This assertion is contradicted by Plaintiffs' own arguments that an appeal would be costly and that the Second Circuit might reverse, indicating that they believe an appeal is both possible and a course of action they intend to pursue. (*See id.* 4–5.)

6

this risk and indicating that "this issue is significant and suggests that timely review by the Second Circuit would be invaluable," (Pls' Mem. 4). In *Ford*, the district court held that the defendant health center was entitled to Section 233(a) immunity because the breach of its systems containing PII arose out of its performance of medical or related functions. 97 F.4th at 256. The Fourth Circuit disagreed and held that maintaining the security of PII data is not a medical or related function. *See id.* at 258–60. Because Section 233(a) did not apply to the health center, it was not entitled to immunity and the United States could not be substituted into the action. *Id.* at 262. Plaintiffs also argue that a duplicative proceeding will "require the United States to spend significant time and expense defending the case without the assurance that it is the correct defendant . . ., and . . . would require the expenditure of judicial resources unnecessarily." (Pls' Mem. 3–4.)[3]

The Court finds Plaintiffs' arguments to be unavailing. Plaintiffs want to jump ahead and get on with their appeal. But "the desire to 'to avoid a second trial . . . is one [that the Second Circuit] ha[s] explicitly rejected' as a basis for entry of a partial judgment.'" *FAT Brands v. PPMT Cap. Advisors, Ltd.*, No. 19-CV-10497, 2021 WL 1392849, at *3 (S.D.N.Y. Apr. 13, 2021) (quoting *Adrian v. Town of Yorktown*, 210 F. App'x 131, 133 (2d Cir. 2006) (summary order)); *see also Jeffery v. City of New York*, No. 20-CV-2843, 2022 WL 2704760, at *4 (E.D.N.Y. July 12, 2022) (collecting cases) ("Courts in the Second Circuit regularly conclude that the possibility that reversal will result in additional, and potentially duplicative, discovery and trial costs does not justify an entry of partial final judgment pursuant to Rule 54(b).").

---

[3] Plaintiffs suggest that the Parties could stipulate to a stay pending an appeal, but the time for such a stipulation has passed, as Defendant has moved to dismiss, as discussed infra Section II.B.

Plaintiffs' invocation of the Fourth Circuit's decision in *Ford* is similarly unavailing—mere speculation as to the existence of a circuit split does not "serve as sufficient ground to warrant a Rule 54(b) certification." *Cornwell v. Credit Suisse Grp.*, 270 F.R.D. 145, 147 (S.D.N.Y. 2010); *see also In re Vivendi Universal, S.A., Sec. Litig.*, No. 02-CV-5571, 2012 WL 362028, at *3 (S.D.N.Y. Feb. 6, 2012) ("'[S]peculation' about the importance of an appeal on a legal issue cannot 'serve as sufficient ground to warrant a Rule 54(b) certification'" (quoting *Cornwell*, 270 F.R.D. at 147)). Plaintiffs have not "articulate[d] 'any unusual hardship' or injustice [that] [they], or any other party, would endure if required 'to await, in accordance with normal federal practice, the disposition of the entire case before obtaining'" a final judgment. *City of New York v. Milhelm Attea & Bros., Inc.*, No. 06-CV-3620, 2012 WL 4959502, at *3 (E.D.N.Y. Oct. 17, 2012) (quoting *Hogan*, 961 F.2d at 1025). Accordingly, Plaintiffs' Motion is denied.

B.  Subject Matter Jurisdiction & the Federal Tort Claims Act ("FTCA")

    1.  Relevant Law

A federal district court may exercise subject matter jurisdiction over a cause of action only if there exists either: (1) "federal question" jurisdiction, which requires a claim "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; or (2) "diversity" jurisdiction, which requires diversity of citizenship between the plaintiffs and all defendants and the amount in controversy exceeds "the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a). "These jurisdictional grants . . . [e]ach serve[] a distinct purpose: Federal-question jurisdiction affords parties a federal forum in which to vindicate federal rights, whereas diversity jurisdiction provides a neutral forum for parties from different States." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437–38 (2019), *reh'g denied*, 140 S.

Ct. 17 (Aug. 5, 2019) (quotation marks omitted) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)).

"[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed." *Biener v. Credit Control Servs., Inc.*, No. 21-CV-2809, 2023 WL 2504733, at *3 (S.D.N.Y. Mar. 14, 2023) (alteration in original) (quoting *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000)); *see also Wells Fargo Bank v. 5615 N. LLC*, No. 20-CV-2048, 2022 WL 15523689, at *3 (S.D.N.Y. Oct. 27, 2022) (same). "A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint." *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014) (quotation marks omitted). "Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted), *aff'd*, 561 U.S. 247 (2010); *see also United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing subject matter jurisdiction as the "threshold question" (citation omitted)). "The party 'asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *D.J.C.V. v. United States*, 687 F. Supp. 3d 423, 437 (S.D.N.Y. 2023) (quoting *DeMartino v. N.Y. State Dep't of Tax'n & Fin.*, No. 22-720, 2023 WL 2563967, at *2 (2d Cir. Mar. 2023) (summary order)). "In resolving a motion to dismiss under Rule 12(b)(1), 'the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff.'" *Id.* (alteration adopted) (quoting *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006)).

"If the parties dispute jurisdictional facts, 'the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.'" *Bettis v. United States*, 346 F.R.D. 34, 37 (S.D.N.Y. 2024) (quoting *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)); *see also Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016) ("If the extrinsic evidence presented by the defendant is material and controverted, the district court will need to make findings of fact in aid of its decision as to [jurisdiction]."). "Where the jurisdictional challenge is based on the FTCA, the government receives the benefit of any ambiguities." *Joachim v. United States*, No. 22-CV-5719, 2023 WL 6292542, at *2 (E.D.N.Y. Sept. 27, 2023) (citing *Moreno v. United States*, 965 F. Supp. 521, 524 (S.D.N.Y. 1997)).

In enacting the FTCA, Congress created a "limited waiver by the United States of its sovereign immunity and allows for a tort suit against the United States under specified circumstances." *Liranzo v. United States*, 690 F.3d 78, 84–85 (2d Cir. 2012) (quoting *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007)); *see also Regnante v. Sec. & Exch. Offs.*, 134 F. Supp. 3d 749, 767 (S.D.N.Y. 2015) (same). An FTCA action "against the United States is the exclusive remedy for a suit for damages for injury resulting from the negligent or wrongful act or omissions of any employee of the Government while acting within the scope of his office or employment." *Bearam v. Sommer*, No. 12-CV-1858, 2013 WL 5405492, at *8 (S.D.N.Y. Sept. 25, 2013) (internal quotation marks and citation omitted); *see also Finley v. Hersh*, No. 12-CV-162, 2013 WL 3450270, at *7 (D. Vt. July 9, 2013) ("As to [the plaintiff's] tort claims, his exclusive remedy for monetary damages against the United States is under the Federal Tort Claims Act."). When bringing an FTCA claim, plaintiffs are required to first exhaust their administrative remedies. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies

before filing a complaint in federal district court."); *see also* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.").

The FTCA's exhaustion requirement is "jurisdictional and cannot be waived." *Celestine*, 403 F.3d at 82; *see also Bastien v. Samuels*, No. 14-CV-1561, 2015 WL 5008837, at *2 (E.D.N.Y. Aug. 21, 2015) (same); *R.C.L. Infant v. Bronx-Lebanon Hosp. Ctr.*, No. 13-CV-6764, 2015 WL 1499745, at *4 (S.D.N.Y. Mar. 31, 2015) (same). "The plaintiff bears the burden of pleading compliance with the FTCA's exhaustion requirement." *Sherman-Amin-Braddox:Bey v. McNeil*, No. 10-CV-5340, 2011 WL 795855, at *2 (E.D.N.Y. Feb. 25, 2011) (citing *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987)); *accord Foster v. Fed. Emergency Mgmt. Agency*, No. 14-CV-1750, 2015 WL 5430370, at *10 (E.D.N.Y. Sept. 15, 2015) (same); *Bastien*, 2015 WL 5008837, at *5 (same); *see also Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) ("The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence."). "[E]xhaustion is a prerequisite to subject matter jurisdiction." *Jackson v. Stewart*, No. 22-CV-7476, 2024 WL 3677246, at *6 (S.D.N.Y. Aug. 6, 2024) (citing *Marie v. United States*, No. 19-CV-6854, 2020 WL 8669752, at *9 (S.D.N.Y. Aug. 12, 2020), *report and recommendation adopted*, 2020 WL 5441073 (S.D.N.Y. Sept. 9, 2020)).

2. Application

Defendant argues that Plaintiffs have failed to exhaust their administrative remedies, thereby compelling the dismissal of the Complaints lack of subject matter jurisdiction. (Def's Mem. 3–5; *see also* Def's Reply.) Plaintiffs "concede[] that [they] did not exhaust administrative remedies prior to bringing [suit]." (Pls' Opp. 1; *see also* Murphy Decl. ¶¶ 3–4 (averring that the Department of Health and Human Services has no record of a tort claim filed against RHC regarding the circumstances at issue in this Action).) Instead, Plaintiffs "respectfully maintain[] that [RHC] . . . is the correct defendant in this lawsuit and, therefore, Plaintiff[s] had no duty to exhaust [their] administrative remedies prior to bringing suit." (Pls' Opp. 1.)

Because Plaintiffs concede that they have not exhausted their administrative remedies, and because "exhaustion is a prerequisite to subject matter jurisdiction," Plaintiffs have failed to carry their burden of proving subject matter jurisdiction. *Jackson*, 2024 WL 3677246, at *6 (collecting cases). Courts regularly find that they lack subject matter jurisdiction where a plaintiff concedes that they have not exhausted their administrative remedies. *See, e.g.*, *Celestine*, 403 F.3d at 84 (affirming dismissal of a FTCA suit for lack of subject matter jurisdiction in which the plaintiff conceded that she failed to exhaust her administrative remedies); *Smith v. Arrowood*, No. 21-CV-6318, 2022 WL 3927884, at *10 (W.D.N.Y. Aug. 31, 2022) (holding that the court lacked subject matter jurisdiction where plaintiff conceded that he did not exhaust his administrative remedies prior to initiating a FTCA claim); *Roberge v. McAndrew*, No. 15-CV-1522, 2016 WL 3248400, at *4 (N.D.N.Y. June 13, 2016) (same); *Toomer v. County of Nassau*, No. 07-CV-1495, 2009 WL 1269946, at *12 (E.D.N.Y. May 5, 2009) (same).

Plaintiffs think that the Court erred in finding that Section 233(a) covered RHC's conduct. (*See* Pls' Opp. 1.) This does not address Plaintiffs' duty to exhaust, as the requirement "is jurisdictional *and cannot be waived*." *Celestine*, 403 F.3d at 82 (emphasis added). Plaintiffs' belief that they should not have to exhaust or that the Court erred does not exempt them from the duty to exhaust. The Court therefore finds that it lacks subject matter jurisdiction over Plaintiffs' claims.

### III. Conclusion

For the reasons set forth above, Plaintiffs' Motion is denied and Defendant's Motion is granted. Accordingly, the Court orders that Plaintiffs' claims against the United States are dismissed without prejudice for failure to exhaust under 28 U.S.C. § 2675(a). The Clerk of the Court is respectfully directed to terminate the pending motions at Dkt. 22-CV-4977, Nos. 76, 83, and Dkt. 22-CV-5039, Nos. 65, 72, enter judgment in the Defendant's favor, and close the cases.

SO ORDERED.

Dated:   March 3, 2025
        White Plains, New York

                                                  KENNETH M. KARAS
                                                    United States District Judge